915 So.2d 860 (2005)
Rita ZIRLOTT
v.
THE CHITIMACHA TRIBE OF LOUISIANA, d/b/a Cypress Bayou Casino and Royal & SunAlliance Insurance
No. 2004 CA 1010.
Court of Appeal of Louisiana, First Circuit.
May 6, 2005.
*861 Michael K. Leger, Opelousas, Counsel for Plaintiff/Appellant Rita Zirlott.
M. Blake Monrose, Lafayette, Counsel for Defendants/Appellees The Chitimacha Tribe of Louisiana, d/b/a Cypress Bayou Casino and Royal & SunAlliance Insurance.
Before: CARTER, C.J., PETTIGREW and MCDONALD, JJ.
MCDONALD, J.
In this workers' compensation case, the hearing officer found that the claimant was not entitled to indemnity benefits, including supplemental earnings benefits, and dismissed the claim with prejudice. For the following reasons, we affirm.

Facts and Procedural History
Rita Zirlott, a 59 year old with a high school GED education, sustained occupationally related bilateral carpal tunnel syndrome while working as a black jack dealer for The Chitimacha Tribe of Louisiana d/b/a Cypress Bayou Casino (The Tribe). Mrs. Zirlott was initially referred by her employer to Dr. James Trahan in February 2000 because of pain in her wrists and hands. She was diagnosed with bilateral carpal tunnel syndrome, bilateral wrist tendonitis, and cervical disc disease. Dr. Trahan placed her in occupational physical therapy and conservative treatment. In May 2000, Dr. Therese Ritter examined Mrs. Zirlott for a second opinion, as her condition had not improved. Dr. Ritter confirmed Dr. Trahan's diagnosis and referred Mrs. Zirlott to Dr. Harold Hebert for an orthopedic evaluation. Dr. Hebert performed left carpal tunnel release surgery on July 18, 2000, and right carpal tunnel release surgery on August 15, 2000. Mrs. Zirlott received the maximum workers' compensation benefit of $384.00 per week, as well as medical benefits, beginning in February 2000.
The surgeries were successfully performed, and Mrs. Zirlott's course of recovery was gradual improvement. She reported relief from the tingling in the hands and a decrease in pain (60 per cent decrease in left hand and 30 per cent decrease in right hand by December 2000). However, because of continued complaints of pain, Mrs. Zirlott was referred to Dr. James Ponder who administered outpatient stellate ganglion blocks and median nerve injections. Mrs. Zirlott was followed and evaluated by several physicians. After consultations and review of the objective medical findings, Mrs. Zirlott's physicians determined that further medical procedures were not recommended and she was released to light duty work by Dr. Ritter in September 2001 and by Dr. Hebert in October 2001.
Mrs. Zirlott returned to Cypress Bayou to resume her duties as a black jack dealer in September 2001. However, she was unable to correctly perform the necessary procedures, and was sent home by a supervisor.[1] Subsequently, Mrs. Zirlott was offered *862 her former job as a dealer, but she did not feel she could perform those duties because of the pain in her hands. There is no evidence that she attempted to find other employment. In November 2002, following receipt of a medical opinion that Mrs. Zirlott could return to full work duty with no restrictions, Mrs. Zirlott's workers' compensation benefits were terminated.
Mrs. Zirlott filed a disputed claim for compensation on January 13, 2003, requesting payment of all back due weekly indemnity benefits, vocational rehabilitation services, penalties, attorneys fees, and costs. A trial on the merits was held on December 17, 2003, with Mrs. Zirlott stipulating that the issue was entitlement to Supplemental Earnings Benefits (SEB), as opposed to total temporary disability. At the conclusion of the claimant's evidence, The Tribe moved for an involuntary dismissal, arguing that in order to be entitled to SEB under La. R.S. 23:1221(3) the claimant must prove that she is prevented (by the work-related injury) from performing gainful employment that would earn 90 per cent of her pre-injury average weekly wage and that Mrs. Zirlott had not provided any evidence to substantiate that claim.
The workers' compensation judge took the matter under advisement, and subsequently rendered judgment finding that Mrs. Zirlott was not entitled to indemnity benefits, including supplemental earning benefits, and dismissing her claim with prejudice at her costs. This devolutive appeal was timely filed alleging that the workers' compensation judge erred, (1) in failing to award weekly indemnity benefits and vocational rehabilitation services, and (2) in failing to award penalties and attorney's fees.

Law and analysis
Factual findings in workers' compensation cases are subject to the manifest error or clearly wrong standard of appellate review. Smith v. Louisiana Dep't of Corrections, 93-1305, p. 4 (La.2/28/94), 633 So.2d 129, 132. In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the fact finder's conclusion was a reasonable one. Banks v. Industrial Roofing & Sheet Metal Works, Inc., 96-2840, p. 6 (La.7/1/97), 696 So.2d. 551, 556. If the fact finder's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been sitting as trier of fact, it would have weighed the evidence differently. Id.
The record before us does not contain written reasons or specific findings of fact upon which the judgment dismissing the claim is based. However, as recognized by both counsel, the claimant bears the initial burden of proof in SEB claims. In order to recover supplemental earnings benefits, an employee must first prove by a preponderance of the evidence that he is unable to earn wages equal to 90 per cent or more of wages he earned before the accident. La. R.S. 23:1221(3); Smith, 633 So.2d at 132. The analysis is necessarily a facts and circumstances one in which the court is mindful of the jurisprudential tenet that workers' compensation law is to be liberally construed in favor of coverage. Daigle v. Sherwin-Williams Co., 545 So.2d 1005, 1007 (La.1989). In determining if an injured employee has made out a prima facie case of entitlement to supplemental earnings benefits, the trial court may and should take into account all those factors, which might bear on an employee's *863 ability to earn a wage. Smith, 633 So.2d at 132.
In order for the workers' compensation judge to have dismissed Mrs. Zirlott's claim, he had to have found that she did not meet this initial burden of proof. Mrs. Zirlott argues that the judgment was erroneously based on one statement by Dr. Tiel that Mrs. Zirlott was released to return to her previous work duties with no restrictions, without giving proper consideration to Dr. Tiel's qualifying remarks regarding pain, as well as the additional medical evidence. We find, however, that the record in its entirety contains a reasonable basis for the decision that Mrs. Zirlott did not prove she was unable to earn wages equal to 90 per cent or more of the wages she earned prior to being placed on total temporary disability.
We note that Dr. Tiel's[2] opinion that Mrs. Zirlott could return to her previous employment with no restrictions was based on the results of objective medical tests, as well as a physical examination. While Dr. Tiel did note minor abnormalities on some testing, he did not find them significant, and generally believed the carpal release surgery had been successful. He noted that Mrs. Zirlott's complaints of pain could be from another source, and further noted that he did not think he was getting a full volitional response in the physical examination. In addition to Dr. Tiel, both Dr. Ritter and Dr. Hebert believed, based on objective medical testing, that Mrs. Zirlott could return to employment. The most significant negative factor in all of the medical evaluations conducted immediately prior to the termination of Mrs. Zirlott's workers' compensation benefits in November 2002 was Mrs. Zirlott's complaint of pain, which is, of course, highly subjective.
Mrs. Zirlott testified that she did not think she would be able to perform the duties of her former job because of the pain in her hands. She did not submit any evidence that she applied for or attempted any other employment. Mrs. Zirlott possessed a high school equivalency diploma and had many years experience in the retail industry. Considering all of the facts and circumstances of this case, we do not find that the decision of the workers' compensation judge was manifestly erroneous-clearly wrong. Therefore, the judgment dismissing Mrs. Zirlott's workers' compensation claim is affirmed. Costs are assessed to Mrs. Zirlott.
AFFIRMED.
NOTES
[1] Prior to surgery, Mrs. Zirlott was offered a job at Cypress Bayou as a porter. After surgery, she was offered a job as a reception area attendant, which she also declined.
[2] Dr. Robert L. Tiel is a board certified neurosurgeon and associate professor in neurosurgery at LSU. His specialty is nerve injury and re-operation on failed carpal tunnel surgery.